**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JOHN DAVID BROWNING, #2186164** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.  4:22cv74** |
| | § | |
| **GARLAND D. CARDWELL, ET AL.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff John David Browning, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## I.  BACKGROUND

Plaintiff, currently imprisoned in the Texas Department of Corrections, filed the instant civil rights complaint, asserting claims against Defendants Garland D. Cardwell, Plaintiff's defense attorney ("Attorney Cardwell"); J. Kerye Ashmore, Assistant District Attorney for Grayson County ("ADA Ashmore");[1] and Karla Baugh-Hackett, Assistant District Attorney for Grayson County ("ADA Baugh-Hackett"). (Dkt. #1).

Plaintiff complains that "[b]oth defense and prosecution suppressed from court record evidence of extenuating and mitigating circumstances and malfeasance activities of the criminal

---

[1] The Court notes that ADA Ashmore's middle name is misspelled "Kerrye" in Plaintiff's complaint and on the CM/ECF docket. The Court will direct the Clerk to correct the spelling of Defendant ADA Ashmore's middle name from Kerrye to Kerye.

[complainants]."[2] (Dkt. #1, p. 4). Plaintiff further states that his defense attorney would not provide him "a photocopy of documentation" despite Plaintiff's repeated requests and that such "failure to release documentation in legal file to [Plaintiff] hampered and was detrimental in [the] appeal process." (Dkt. #1, pp. 3-4). Plaintiff states that he is not seeking monetary relief, but rather, "possession of photocopy of medical form Clinical Pathology Laboratories as prepared by Matthew Scott Richardson at the [behest] of Mental Health Mental [Retardation] prepared on" January 25, 2016. (Dkt. #1, p. 5).

## II.  SCREENING UNDER 28 U.S.C. § 1915A

Plaintiff is currently a prisoner, as such, his complaint is subject to preliminary screening and possible *sua sponte* dismissal under 28 U.S.C. § 1915A. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A "institutes certain screening procedures once a complaint is received by a district court" and is "quite similar to the roles played by Federal Rules of Civil Procedure 11 and 12(b)(6)." *Id.* at 580 n.2; *see also Garcia v. Jones*, 910 F.3d 188, 190 (5th Cir. 2018) ("We review a dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim *de novo*, applying the same plausibility standard applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals."), *cert. denied*, 139 S. Ct. 626 (2018). Pursuant to 28 U.S.C. § 1915A(b)(1), federal courts are mandated to preemptively screen prisoner complaints against government officials or entities to identify cognizable claims and dismiss the complaint or any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Butler v. Tidwell*, No. 4:20-CV-600, 2021 WL 4025379, at *3 (E.D. Tex. June 29, 2021), *report and recommendation adopted*, No. 4:20-CV-600, 2021 WL 3930979 (E.D. Tex. Sept. 1, 2021); *Montgomery v. Barr*, No. 4:20-CV-01281-P, 2020 WL 7353711, at *7 (N.D. Tex. Dec. 15, 2020)

---

[2] Plaintiff's complaint is handwritten. While some of Plaintiff's handwriting is vague and difficult to read, the Court is convinced that its interpretation of Plaintiff's handwriting is accurate and that any interpretation errors are harmless.

(citing *Coleman v. Tollefson*, 575 U.S. 532 (2015) (noting the congressional focus on trial court screening of prisoner complaints and dismissal of claims that are frivolous, malicious, or fail to state a claim for relief)); *Hines v. Graham*, 320 F. Supp. 2d 511, 526 (N.D. Tex. 2004).

Because Plaintiff is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a court is empowered to dismiss an *in forma pauperis* case if it finds that the action is "frivolous or malicious." Under § 1915(e)(2)(B)(i), "[a] complaint is frivolous if it lacks an arguable basis in law or fact." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "A complaint lacks an arguable basis in law if it is based in an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

In addition to dismissal for frivolousness, a court may also dismiss the suit for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Tracking the same language as Rule 12(b)(6) of the Federal Rules of Civil Procedure and applying the same standards, § 1915(e)(2)(B)(ii) provides for dismissal if, accepting the plaintiff's factual allegations as true, it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hale v. King*, 642 F.3d 492, 497-99 (5th Cir. 2011). Although a *pro se* plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to demonstrate to the court that the plaintiff has at least a colorable claim. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465-66 (5th Cir. 2010).

## III.  ANALYSIS

### A.  Mandamus Relief

As an initial matter, the Court observes that the only relief Plaintiff seeks is possession of a photocopy of a medical form. (Dkt. #1, p. 5). Such request is properly construed as seeking mandamus relief. *See Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) (affirming district court's characterization and ultimate denial of the petitioner's request for order compelling clerk of court to comply with his request for production of transcript and other documents from criminal proceedings necessary for the preparation of his direct appeal as a petition for a writ of mandamus); *Johnson v. Morrell*, 391 F. App'x 333, 334 (5th Cir. 2010) (per curiam) (finding that the plaintiff's 42 U.S.C. § 1983 complaint seeking declaratory and injunctive relief related to the alleged failure of state officials to produce public records "amounts to a request for a writ of mandamus against state officials, which is not authorized by § 1983 if no other relief is sought").

Insofar as Petitioner seeks mandamus relief in the form of an order from this Court compelling Attorney Cardwell to turn over evidence and his client file, the federal mandamus statute provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. As this language makes clear, "the authority of district courts to issue a writ of mandamus pursuant to § 1361 only extends to federal officers, employees, or agencies. District courts do not have jurisdiction to grant mandamus relief against private actors." *Sturgeon v. Unell*, No. 3:20-CV-2099-X-BN, 2021 WL 6137184, at *2 (N.D. Tex. Sept. 9, 2021), *report and recommendation adopted*, No. 3:21-CV-2099-X, 2021 WL 6135478 (N.D. Tex. Dec.

4

28, 2021) (quoting *Cowell v. Shames & Bynum, P.C.*, No. 1:17cv1207 (CMH/TCB), 2017 WL 8786970, at *1 (E.D. Va. Dec. 5, 2017) (citations omitted)).

Likewise, to the extent Petitioner seeks mandamus relief in the form of an order from this Court compelling ADA Ashmore and ADA Baugh-Hackett to turn over evidence, it is well-established that federal courts are without power to issue writs of mandamus against state officers in the performance of their duties. *Moye*, 474 F.2d at 1275-76 (a federal district court is not authorized to direct state officials in the performance of their duties). Thus, the Court cannot mandamus ADA Ashmore and ADA Baugh-Hackett to produce documents in Plaintiff's criminal case. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state officials in the performance of their duties); *Franklin v. Texas*, No. 3:04-CV-0743-N, 2004 WL 1373171, at *1 (N.D. Tex. June 17, 2004) ("T]his court is without the authority and jurisdiction to require either the state convicting court or the intermediate appellate court to provide Franklin with access to state court records from his aggravated sexual assault conviction. Accordingly, this action construed as a petition for a writ of mandamus, should be dismissed with prejudice, the same being frivolous.") (footnote omitted).

Therefore, the Court is without the authority and jurisdiction to require either Attorney Cardwell or ADA Ashmore and ADA Baugh-Hackett to provide Plaintiff with documentation he requests. Accordingly, to the extent this action is construed as a petition for writ of mandamus, it should be dismissed with prejudice, the same being frivolous. *See Franklin*, 2004 WL 1373171, at *1.

Alternatively, the Court finds that Plaintiff's § 1983 claims should be dismissed summarily for the reasons set forth below.

5

### B.  Heck Bar

Based on the allegations raised in the instant action, it appears that success on the purported claims—liberally construed by the Court as ineffective assistance of counsel and prosecutorial misconduct—would necessarily imply the invalidity of Plaintiff's convictions. Consequently, under *Heck v. Humphrey*, 512 U.S. 477 (1994), such claims must be dismissed, unless Plaintiff demonstrates that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486-87.

In the present case, Plaintiff fails to show that his convictions or sentence has been reversed, expunged, invalidated, or otherwise called into question. Thus, to the extent that *Heck* applies and bars claims raised in the instant action, such claims have no basis in law and would be subject to dismissal as frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). The Court need not determine, however, whether *Heck* bars any claim raised in Plaintiff's complaint because the case presents issues that are appropriate for early and final determination. *See Villegas v. Galloway*, 458 F. App'x 334, 337 (5th Cir. 2012) ("We first conclude that the individual capacity claims against Judge Lee Rosenthal, who presided over Villegas's criminal trial, and the four federal prosecutors that he sued—Hazel Jones, Richard Magness, Michael Shelby, and Chuck Rosenberg—are barred by absolute immunity, a threshold question that is appropriate to address before reaching whether a claim is barred by *Heck*."); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam) (holding that even if complaint is subject to dismissal under *Heck*, it remains appropriate for district court to resolve

question of immunity before reaching *Heck* analysis); *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995) (per curiam) (holding that despite applicability of *Heck*, district court may consider doctrine of absolute immunity as threshold matter in making § 1915(d) frivolousness determination); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (stating that although claims could be dismissed under *Heck*, "it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity . . . as a threshold matter."); *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995) (absolute immunity is a threshold matter that should be determined as early as possible in a proceeding, before reaching the *Heck* analysis when feasible). The Court thus bypasses the potential *Heck* bar so as to address issues that are appropriate for early and final determination.

## C.  Claims Against Prosecutors

### 1.  Official Capacity – Eleventh Amendment Immunity

The Eleventh Amendment immunizes states, their agencies, and state officials acting in their official capacities from "any suit in law or equity, commenced or prosecuted . . . by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI; *see also Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010); *Bird v. Fletcher*, No. 9:19-CV-00220-RC, 2020 WL 2951891, at *5 (E.D. Tex. May 1, 2020), *report and recommendation adopted*, No. 9:19-CV-00220-RC, 2020 WL 2944430 (E.D. Tex. June 2, 2020).

Plaintiff specifically sues ADA Ashmore in his official capacity. (Dkt. #1, p. 2). Although Plaintiff does not indicate whether he is suing ADA Baugh-Hackett in her individual capacity, official capacity, or both (Dkt. #1, p. 3), the Court assumes that Plaintiff is also suing ADA Baugh-Hackett in her official capacity. The Fifth Circuit has long recognized District Attorneys are state

7

officials entitled to Eleventh Amendment immunity. *See Moreno v. Donna Indep. Sch. Dist.*, 589 F. App'x 677, 680 (5th Cir. 2014) ("We agree with the district court that the Eleventh Amendment shields [the district attorney] from official-capacity liability."); *Brown v. United States Postal Inspection Serv.*, 206 F. Supp. 3d 1234, 1254 (S.D. Tex. 2016) ("[R]egarding the alleged violations of Brown's constitutional rights by the Harris County District Attorney's Office and individual assistant district attorneys, including their failure to file a motion to dismiss the cases against him earlier than they did and to return his property, these prosecutors, who are state actors, are not liable because of the Eleventh Amendment[.]"). Indeed, it is well settled in the Fifth Circuit that district attorneys and assistant district attorneys sued in their official capacities are state officials, not local, for purposes of liability arising out of their prosecutorial decisions and are therefore entitled to Eleventh Amendment immunity. *Shanafelt v. Off. of the Att'y Gen.*, 213 F.3d 638, 638 (5th Cir. 2000) (per curiam); *Quinn v. Roach*, 326 F. App'x 280, 292-93 (5th Cir. 2009); *see also Spikes v. Phelps*, 131 F. App'x 47, 49 (5th Cir. 2005) ("Texas district attorneys are shielded by Eleventh Amendment immunity for acts performed as state officers in the scope of criminal prosecution[.]"); *Esteves v. Brock*, 106 F.3d 674, 677 n.8 (5th Cir. 1997) (district attorney is protected by the Eleventh Amendment from suit under § 1983 for money damages). Thus, ADA Ashmore and ADA Baugh-Hackett are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors.[3] Accordingly, Plaintiff's claims

---

[3] Claims for prospective relief against state officials acting in their official capacities are not barred by the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 664 (1974); *Ex parte Young*, 209 U.S. 123, 155-56 (1908); *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 321-22 (5th Cir. 2008). As explained above, however, the Court cannot grant Plaintiff the prospective relief he seeks because it lacks the authority to compel performance by a state agent. *See Dunn v. Smith*, No. 5:22-CV-00178-H, 2022 WL 3335675, at *2 n.1 (N.D. Tex. July 20, 2022).

against ADA Ashmore and ADA Baugh-Hackett, in their official capacities, are barred by the Eleventh Amendment and should be dismissed without prejudice.[4]

### 2. *Individual Capacity – Prosecutorial Immunity*

To the extent that Plaintiff's complaint can be construed as asserting claims against ADA Ashmore and ADA Baugh-Hackett in their individual capacities, the claims are barred by prosecutorial immunity. *Shanafelt*, 213 F.3d 638; *Esteves*, 106 F.3d at 677. A prosecutor enjoys absolute immunity from suit under § 1983 for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). "Acts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Boyd*, 31 F.3d at 285. Absolute immunity protects prosecutors from all liability even when they act maliciously, wantonly, or negligently. *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985) (holding prosecutors were immune from claims alleging they improperly presented evidence to a grand jury). Additionally, a prosecutor's intent is irrelevant as long as his acts are connected to the initiation and course of a prosecution. *Black v. Burdette*, CV H-20-928, 2020 WL 1333159, at *1 (S.D. Tex. Mar. 21, 2020) (citing *Imbler*, 424 U.S. at 427); *see also Emerson v. Richardson*, 3:20-CV-00705-K-BN, 2020 WL 1942143, at *3 (N.D. Tex. Mar. 27, 2020) ("Prosecutorial immunity . . . applies even if the prosecutor is accused of knowingly using perjured testimony, withholding exculpatory evidence, and failing to make full disclosures of facts."),

---

[4] Because Eleventh Amendment Immunity deprives the Court of jurisdiction, dismissal should be without prejudice. *See Anderson v. Jackson State Univ.*, 675 F. App'x 461, 464 (5th Cir. 2017); *Toliver v. Ramsey*, No. 4:20-CV-495-SDJ-CAN, 2021 WL 2878549, at *4 n.4 (E.D. Tex. Apr. 13, 2021), *report and recommendation adopted*, No. 4:20-CV-495, 2021 WL 2856839 (E.D. Tex. July 7, 2021) (citing *Bouchgl v. Tonti Mgmt. Co.*, No. CV 20-2302, 2021 WL 40188, at *3 (E.D. La. Jan. 5, 2021) ("When a court dismisses a case for lack of jurisdiction because the defendant is entitled to Eleventh Amendment immunity, it must do so without prejudice.")).

*report and recommendation adopted*, 3:20-CV-00705-K, 2020 WL 1940567 (N.D. Tex. Apr. 22, 2020).

Plaintiff's allegations against ADA Ashmore and ADA Baugh-Hackett fall within the scope of their prosecutorial functions. The law therefore accords ADA Ashmore and ADA Baugh-Hackett absolute immunity for Plaintiff's claims under § 1983.[5] Plaintiff's claims against ADA Ashmore and ADA Baugh-Hackett should be dismissed in their entirety.[6]

### D.  Claims Against Defense Attorney

Plaintiff specifically sues Attorney Cardwell, his former defense attorney, in his official capacity. (Dkt. #1, p. 2). Attorney Cardwell is a private attorney appointed by the court to represent Plaintiff during his criminal proceeding. Private attorneys have no official capacity in which they may be sued. Plaintiff's official capacity claims against the private attorneys thus fail. *See Toliver v. Thomas*, No. 3:08-CV-0682-N, 2008 WL 3413140, at *4 (N.D. Tex. Aug. 11, 2008).

To the extent Plaintiff sues Attorney Cardwell in his individual capacity, the Court must consider whether he is a proper party under 42 U.S.C. § 1983. In general, defense attorneys are not state actors for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Hudson*

---

[5] Because Plaintiff's claims against ADA Ashmore and ADA Baugh-Hackett in their individual capacities are barred by prosecutorial immunity, they must be dismissed with prejudice. *See Toliver*, 2021 WL 2878549, at *5 n.6; *see also Arnone v. Syed*, No. 3:17-CV-03027-E, 2020 WL 2085594, at *5 (N.D. Tex. Apr. 30, 2020) ("[A]bsolute prosecutorial immunity protects [the district attorney] from liability and [plaintiff's] claims against [the district attorney] in his individual capacity are dismissed with prejudice."); *Driver v. Houston Police Dep't*, No. CV H-20-3596, 2021 WL 229646, at *1 (S.D. Tex. Jan. 22, 2021) ("[T]he claim must be dismissed with prejudice. Plaintiff's claim against the assistant district attorney is barred by absolute prosecutorial immunity.").

[6] The Court notes that *pro se* plaintiffs are normally allowed an opportunity to amend their complaint prior to dismissal, however, here, any such amendment would be futile. *See Toliver*, 2021 WL 2878549, at *5 n.6; *see also Cruts v. Travis Cnty. Corr. Complex*, No. A-19-CV-1224-RP, 2020 WL 532935, at *5 (W.D. Tex. Feb. 3, 2020) (denying "Plaintiff leave to amend his Amended Complaint, because an amendment would be futile" where claims against district attorney were dismissed based on Eleventh Amendment and prosecutorial immunity); *Hunter v. Schopmeyer*, No. 3:18-CV-1589-D(BH), 2020 WL 908541, at *4 (N.D. Tex. Jan. 31, 2020) (finding that "Plaintiff's motion for leave to amend his complaint should be denied as futile" where attempt to raise new claims against district attorney were barred by prosecutorial immunity), *report and recommendation adopted*, No. 3:18-CV-1589-D, 2020 WL 905333 (N.D. Tex. Feb. 25, 2020). Because any amendment by Plaintiff would be futile, the Court need not allow an opportunity to amend. *See Toliver*, 2021 WL 2878549, at *5 n.6.

*v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). However, in certain circumstances, private parties may be acting "under color of state law" and thus held liable under § 1983.

The Supreme Court has recognized that willful participation in a conspiracy with a state actor may subject a private actor to liability. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). To support such a conspiracy claim, plaintiffs "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted). In this instance, Plaintiff alleges no facts sufficient to suggest that Attorney Cardwell conspired with a state actor to commit an illegal act or participated in any conspiracy.

To find state action by a private individual in the absence of an alleged conspiracy, a plaintiff must show that the private actor "performs a function which is traditionally the exclusive province of the state" or that "there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Under the latter alternative,

> a finding of state action is justified "'only where it can be said that the state is responsible for the specific conduct of which the plaintiff complains.' A state is not responsible for a private party's decisions unless it 'has exercised coercive power or has provided such significant encouragement, . . . that the choice must in law be deemed to be that of the state.'"

*Id.* (citations omitted).

"Attorneys do not perform a function that is traditionally the exclusive province of the government when they represent an individual in a criminal proceeding. In addition, there is no nexus between the State and the actions of the attorneys such that the attorneys' actions are fairly attributable to the State." *Toliver*, 2008 WL 3413140, at *5. Further, as previously stated, Plaintiff

11

has alleged no facts to suggest an agreement between Attorney Cardwell and any state actor to commit an illegal act. For all these reasons, Plaintiff has failed to state a viable claim under § 1983 against Attorney Cardwell, and his claims against him in his individual capacity should be dismissed.[7]

## IV.  RECOMMENDATION

Accordingly, the Court *sua sponte* recommends that Plaintiff's suit be dismissed. *See* 28 U.S.C. §§ 1915A and 1915(e). To the extent that Plaintiff is seeking mandamus relief, the complaint should be dismissed with prejudice. Alternatively, Plaintiff's claims against Defendants ADA Ashmore and ADA Baugh-Hackett in their official capacities should be **DISMISSED WITHOUT PREJUDICE**; Plaintiff's claims against Defendants ADA Ashmore and ADA Baugh-Hackett in their individual capacities should be **DISMISSED WITH PREJUDICE**; and Plaintiff's claims against Defendant Attorney Cardwell should be **DISMISSED WITH PREJUDICE**.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.

---

[7] Plaintiff's claims against Attorney Cardwell should be dismissed with prejudice for Plaintiff's failure to state a claim upon which relief may be granted. *See Thompson v. Roussell*, 799 F. App'x 286, 286 (5th Cir. 2020) (affirming the district court's dismissal with prejudice of plaintiff's claims against his defense attorney under § 1983 for failure to state claim); *Butler v. Tidwell*, No. 4:20-CV-600, 2021 WL 4025379, at *8 (E.D. Tex. June 29, 2021) (dismissing with prejudice the plaintiff's claims against defense attorney), *report and recommendation adopted*, No. 4:20-CV-600, 2021 WL 3930979 (E.D. Tex. Sept. 1, 2021); *Kalluvilayil v. Burns*, 1:13-CV-099-C, 2013 WL 12098730, at *4 (N.D. Tex. Aug. 30, 2013) ("Plaintiff's complaint and all claims alleged therein [including those against his defense attorney] are dismissed with prejudice as frivolous and for failure to state a claim").

An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 16th day of January, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE